ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIEL S. DROSMAN (200643)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INCHEN HUANG, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>DEPOMED, INC., et al.,<br><br>                Defendants. | Case No. 3:17-cv-04830-JST<br><br>CLASS ACTION<br><br>CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM'S SUR-REPLY IN FURTHER OPPOSITION TO THE DEPOMED INVESTOR GROUP'S LEAD PLAINTIFF MOTION<br><br>DATE:    December 7, 2017<br>TIME:    2:00 p.m.<br>CTRM:   9, 19th Floor<br>JUDGE:  Hon. Jon S. Tigar |

1330969_1

The Court granted the City of Pontiac General Employees' Retirement System (the "Retirement System") leave to respond to the Depomed Investor Group's reply brief contention that "Aurelio Scarpatetti, alone, 'possesses a "[l]arger [f]inancial [i]nterest" than the Pontiac Retirement System'" and the Group's submission of declarations by each of their members with the reply. *See* Dkt. No. 41. Because the Depomed Investor Group's post-deadline request to disband the group to salvage their flawed motion was also raised in its opposition brief (Dkt. No. 34 at 3) and the Retirement System had an opportunity to respond (Dkt. No. 37 at 2-3), the Retirement System only addresses the declarations submitted with the reply brief.[1]

Despite three rounds of briefing, the Depomed Investor Group still has not provided any evidence that the group members have *ever* spoken to one another, let alone made the showing of adequacy and cohesion required to trigger the presumption. *See* Dkt. No. 40-1. In fact, the sworn declarations aver they have only "communicated ***with counsel***." *Id.* at ¶6 (emphasis added). Their inability to evidence such basic facts like their awareness of one another or ability to coordinate – after three opportunities to do so – is ample reason to deny the motion. *See Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *30 (C.D. Cal. May 2, 2006) (denying group's motion because "[n]o evidence has been presented that the members had any role in the decision to form or combine the groups"); *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1022 (N.D. Cal. 1999) (finding group inadequate where, among other things, it "attended no organizing meetings" and had "no cohesive identity").[2]

---

[1] The Group's only new reply argument is that "'[t]his is not a case . . . in which lawyers aggregated plaintiffs in order to overcome the largest stake requirement.'" Dkt. No. 40 at 7 (citation omitted). That contention is a red herring. That Aurelio Scarpatetti happens to claim a larger loss than any other competing movant is not only irrelevant (*see* Dkt. No. 37 at 2-3), it is entirely the product of hindsight. Indeed, an *ex post* review revealing that one group member claims the single largest loss *after* seeing the losses claimed by all other movants does nothing to undermine the fact that, *ex ante*, the group could not have known any other potential movants' losses, and thus was manufactured to attain the largest financial interest designation.

[2] *See also In re Tarragon Corp. Sec. Litig.*, No. 07 Civ. 7972 (PKC), 2007 U.S. Dist. LEXIS 91418, at *3, *6 (S.D.N.Y. Dec. 6, 2007) (declining to appoint group where "evidence that the members of these groups have *ever* communicated" or "evidence that the members of the group will act collectively and separately from their lawyers" is "wholly lacking") (emphasis added); *In re MicroStrategy Sec. Litig.*, 110 F. Supp. 2d 427, 437 (E.D. Va. 2000) (group "failed to present evidence" that "members of the group had ever communicated with one another").

1330969_1

RETIREMENT SYSTEM'S SUR-REPLY IN FURTHER OPPOSITION TO THE DEPOMED
INVESTOR GROUP'S LEAD PLAINTIFF MOTION - 3:17-cv-04830-JST                                       - 1 -

1       The Depomed Investor Group also "does not even attempt to explain the connection between

2 [the Scarpatettis] and the [Depomed Investor] Group's other members," Duy Vu and Mark Madrack,

3 all of whom signed their declarations the same day the reply brief was filed.  *Compare Bodri v.*

4 *GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *14-*15 (N.D. Cal. Apr. 28,

5 2016) *with* Dkt. No. 40-1 (declarations of the Depomed Investor Group members, which are silent

6 regarding the relationship between the Group's members before this litigation). "Absent any

7 indication otherwise, the Court [should] find[] that the [Depomed Investor] Group's amalgamation

8 of previously unrelated individuals together in this case was made 'for the sole purpose of

9 aggregating their claims in an effort to become the presumptive lead plaintiff.'" *Id.* at *15 (quoting

10 *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 U.S. Dist. 64633, at *22 (N.D.

11 Cal. Aug. 22, 2008)).  As such, the Court should also "conclude[] that the [Depomed Investor

12 Group] fails to meet the adequacy prong of Rule 23." *Id.*

13       The declarations also fail to provide a credible reason for the Depomed Investor Group's

14 existence, stating merely that the group formed because they "have incurred substantial losses" and

15 "share the common goal of ensuring that the Action is prosecuted diligently."  Dkt. No. 40-1 at ¶4.

16 Yet, the same could be said by any putative class member or lead plaintiff movant.  Such hollow

17 statements do not negate the inference that the group was lawyer-driven. *See Crihfield v. CytRx*

18 *Corp.*, No. CV 16-05519 SJO (SKx), 2016 U.S. Dist. LEXIS 181615, at *12 (C.D. Cal. Oct. 26,

19 2016) (finding declaration "merely averring 'the members . . . recognize that they are all like-minded

20 investors that suffered substantial losses in their investments in CytRx securities'" to be insufficient)

21 (citation omitted); *Markette v. XOMA Corp.*, No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701,

22 at *28 (N.D. Cal. May 13, 2016) (concluding that "barebones declaration" submitted with reply brief

23 was insufficient to support group's motion); *Eichenholtz*, 2008 U.S. Dist. LEXIS 64633, at *28

24 (concluding that group's "conclusory declaration has little or no substance"); *In re Peregrine Sys.*

25 *Sec. Litig.*, No. 02cv870-J (RBB), 2002 U.S. Dist. LEXIS 27690, at *52 (S.D. Cal. Oct. 9, 2002)

26 (finding group's declaration "provid[es] no reason for their joint application").

27       The fact that the group members are unaffiliated, were unable to convene a single conference

28 call, and make non-substantive statements like "courts permit groups to serve as Lead Plaintiff" and

1  the members "intend to prosecute the litigation in a collaborative and cohesive manner that is
2  independent from counsel" falls far short of the Depomed Investor Group's burden to evidence
3  concrete actions taken to dispel the obvious inference that the group was created by counsel.
4  *Compare* Dkt. No. 40-1 at ¶5 *with Eichenholtz*, 2008 U.S. Dist. LEXIS 64633, at *26-*27 (finding
5  that group "neglect[ed] to elucidate" because declaration did not show "how and when they were
6  joined together, how they intend to conduct discovery or how they will coordinate litigation efforts
7  and strategy"); *Apple v. LJ Int'l, Inc.*, No. CV 07-6076 GAF (JWJx), 2008 U.S. Dist. LEXIS 12618,
8  at *13 (C.D. Cal. Feb. 8, 2008) (finding that group's "assertions hardly persuade the Court that they,
9  as opposed to counsel, would be directing this litigation"); *Schriver*, 2006 U.S. Dist. LEXIS 40607,
10 at *25 (holding that "groups of unrelated investors . . . are not adequate class representatives absent a
11 showing that they are able to coordinate their efforts in the litigation"); *In re Gemstar-TV Guide*
12 *Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002) (finding that group's declaration
13 "provide[s] little detail concerning the procedures they have implemented to 'provide for efficient
14 prosecution of the action'" and "does not explain" numerous representations) (citation omitted); *but*
15 *see In re Versata, Inc.*, No. C 01-1439-SI, 2001 U.S. Dist. LEXIS 24270, at *24-*26 (N.D. Cal. Aug.
16 20, 2001) (finding that group "exhibited a cooperative spirit and awareness of the need to plan
17 ahead" and thus "satisfied this Court that it is sufficiently cohesive and structured to maximize its
18 individual strengths and sophisticated business knowledge" by "show[ing] that it can and does intend
19 to work collectively toward their goals").

20      Ultimately, the Depomed Investor Group's "declarations expose the lack of cohesiveness . . .
21 by what they *fail* to say." *Teran v. Subaye, Inc*., No. 11 Civ. 2614 (NRB), 2011 U.S. Dist. LEXIS
22 105774, at *12 (S.D.N.Y. Sept. 16, 2011) (finding declarations submitted with reply brief
23 insufficient to trigger presumption) (emphasis in original).  "Specifically, the group had no
24 relationship prior to the instant motion and, except for the [Scarpatettis], it is fair to assume that none
25 of the members were even aware of the others' existence." *Id.*; *Crihfield*, 2016 U.S. Dist. LEXIS
26 181615, at *12-*13 (finding that group's "failure to describe how the six members of the CytRx
27 Investor Group – who reside in Michigan, Illinois, California, Massachusetts, and Vancouver, (*see*
28 Joint Decl. ¶¶ 2-6) – came to know of each others' existence, strengthen[s] the inference that each

1  was recruited by counsel"). "Furthermore, while the declarations discuss the group's plans and
2  intentions for the future, they are void of specifics and, most notably, say nothing about past activity
3  save for a general statement that they have each been 'conferring' with counsel and 'provided
4  updates' about the filing and briefing of this motion." *Teran*, 2011 U.S. Dist. LEXIS 105774, at
5  *12-*13.

6  In sum, the reply declarations do not dispel the conclusion that the Depomed Investor Group
7  is simply an "amalgamation of previously unrelated individuals [brought] together . . . 'for the sole
8  purpose of aggregating their claims in an effort to become the presumptive lead plaintiff.'" *Bodri*,
9  2016 U.S. Dist. LEXIS 57559, at *15 (citation omitted). Their motion should be denied.

10  DATED:  November 21, 2017                Respectfully submitted,

11                                           ROBBINS GELLER RUDMAN
                                                & DOWD LLP
12                                           DANIEL S. DROSMAN
                                             TRICIA L. McCORMICK
13

14
                                                 s/ Tricia L. McCormick
15                                              TRICIA L. McCORMICK

16                                           655 West Broadway, Suite 1900
                                             San Diego, CA  92101
17                                           Telephone:  619/231-1058
                                             619/231-7423 (fax)
18
                                             ROBBINS GELLER RUDMAN
19                                              & DOWD LLP
                                             SHAWN A. WILLIAMS
20                                           Post Montgomery Center
                                             One Montgomery Street, Suite 1800
21                                           San Francisco, CA  94104
                                             Telephone:  415/288-4545
22                                           415/288-4534 (fax)

23                                           [Proposed] Lead Counsel for Plaintiff

24                                           SULLIVAN, WARD, ASHER & PATTON, P.C.
                                             CYNTHIA J. BILLINGS-DUNN
25                                           1000 Maccabees Center
                                             25800 Northwestern Highway
26                                           Southfield, MI  48075-1000
                                             Telephone:  248/746-0700
27                                           248/746-2760 (fax)

28                                           Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 21, 2017.

    s/ Tricia L. McCormick
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:tmccormick@rgrdlaw.com

1330969_1

# Mailing Information for a Case 3:17-cv-04830-JST Huang v. Depomed, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Rebecca A Girolamo**
  rebecca.girolamo@wilmerhale.com

- **Benjamin Heikali**
  Bheikali@faruqilaw.com,smarton@faruqilaw.com,ecf@faruqilaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael A Mugmon**
  michael.mugmon@wilmerhale.com,patricia.shore@wilmerhale.com,whmao@wilmerhale.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Lesley F. Portnoy**
  LPortnoy@glancylaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,bmurray@glancylaw.com

- **Rosemary M. Rivas**
  rrivas@zlk.com,qroberts@zlk.com,ebigelow@zlk.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cseefer@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)