UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCHEN HUANG,<br><br>    Plaintiff,<br><br>v.<br><br>DEPOMED, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-04830-JST<br><br>**ORDER REGARDING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Re: ECF Nos. 12, 16 |

Before the Court are two motions for appointment as lead plaintiff and approval of selection of counsel for a securities class action, one filed by Plaintiff Depomed Investor Group ("DIG") and the other filed by Plaintiff City of Pontiac General Employees' Retirement System ("Pontiac"). ECF Nos. 12, 16. The Court grants Plaintiff DIG's motion and denies Plaintiff Pontiac's motion.

**I.  BACKGROUND**

This is a federal securities class action on behalf of persons who purchased or otherwise acquired shares of Defendant Depomed, Inc. ("the Company") between February 26, 2015 and August 7, 2017. ECF No. 1. The Plaintiffs allege that the Company and certain of its officers and directors violated the Securities Exchange Act of 1934. Id. The Court must now select a lead plaintiff.

Originally, five parties filed motions seeking appointment as lead plaintiff and approval of their selection of counsel. ECF Nos. 12, 16, 21, 25, 27. Three of the parties subsequently withdrew their motions or chose not to oppose the motions of other potential lead plaintiffs. ECF Nos. 32, 33, 39. DIG and Pontiac remain as the two parties contesting appointment as lead plaintiff. ECF Nos. 12, 16.

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[n]ot later than 20 days after the date on which the complaint is filed," the plaintiff shall publish a notice alerting members of the purported class of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(3)(a)(i). The notice should also inform potential class members that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(3)(a)(i)(II).

Under the PSLRA, "[t]he 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as [the proposed lead plaintiff] meets the requirements of Rule 23" of the Federal Rules of Civil Procedure. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). "While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure." Bruce v. Suntech Power Holdings Co., No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012)(internal citation omitted). "The presumption that the most adequate plaintiff to serve as lead plaintiff is the plaintiff that has the largest financial interest in the relief sought by the class[, however,] can be rebutted by proof that the plaintiff 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" Mohanty v. BigBand Networks, Inc., No. C 07-5101 SBA, 2008 WL 426250, at *7 (N.D. Cal. Feb. 14, 2008) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb)).

After the Court makes its determination of the presumptive lead plaintiff, other plaintiffs in the class will be provided with "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." Cavanaugh, 306 F.3d at 730. "If, as a result of this process, the district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy." Id. at 731.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain

counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice," and "should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court for N. Dist. of California, 586 F.3d 703, 711-12 (9th Cir. 2009).

## III. DISCUSSION

### A. Largest Financial Interest

DIG claims losses of $403,930.09. ECF No. 12 at 6. DIG's losses are uncontested and on their face are greater than Pontiac's claimed $143,025.57 in losses. ECF No. 16 at 4.

DIG's total claimed losses, however, are the aggregate of losses allegedly suffered by individual group members. The Ninth Circuit has not yet decided whether a group seeking appointment as a lead plaintiff may aggregate the losses of its members. See Cavanaugh 306 F.3d at 731 n.8. However, this Court need not address the issue because Aurelio Scarpatetti, an individual investor in the Depomed Investor Group, claims a loss of $150,714.70. See ECF No. 40 at 9. Scarpatetti alone, without aggregating with the other members of DIG, has the largest interest of any movant. Other courts have found this sufficient to appoint a group as lead plaintiff. See Bruce v. Suntech Power Holdings Co., No. CV 12-04061 RS, 2012 WL 5927985, at *2-3 (N.D. Cal. Nov. 13, 2012) (disregarding arguments that an investor group was "cobbled together" because the group had the largest financial interest, both as a whole and as to one member individually); Hodges v. Akeena Solar, Inc., 263 F.R.D. 528, 533 (N.D. Cal. 2009) (finding that members of an investor group are presumptively the most adequate co-lead plaintiffs—although there was no indication that the individual investors who made up the group had any formal relationship prior to litigation—because an individual in the group had the greatest financial stake in the litigation of any movant). See also McCracken v. Edwards Lifesciences Corp., No. 8:13 CV-1463-JLS(RNBx), 2014 WL 12694135, at *3 (C.D. Cal. Jan. 8, 2014) (concluding that an investor group had the largest financial interest because an individual member of the investor group claimed the biggest loss); In re Surebeam Corp. Sec. Litig., No. 03 CV 1721JM(POR), 2004 WL 5159061, at *5 (S.D. Cal. Jan. 5, 2004) ("[i]t makes no practical difference if [the individual with the largest loss] chooses to associate with other shareholders in order to further distance itself

from the next proposed lead plaintiff").

Pontiac urges the Court to disregard Scarpatetti's claimed loss because of DIG's deficiencies as a group. ECF No. 48 at 2. Pontiac notes that there is no evidence the group members have spoken before the start of the litigation or otherwise demonstrated the cohesion and adequacy required to attain lead plaintiff status, and that selecting DIG would run counter to this Court's prior observation that "courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff." Bodri v. Gopro, Inc., No. 16-CV-00232-JST, 2016 WL 1718217, at *4 (N.D. Cal. Apr. 28, 2016) (quoting Eichenholtz v. Verifone Holdings, Inc., No. 07-cv-06140-MHP, 2008 WL 3925289, at *7 (N.D. Cal. Aug. 22, 2008)).

Bodri presented a different question. There, the group in question had the largest claimed losses, but only in the aggregate. Once that group was disqualified from consideration, the Court turned to another plaintiff entirely, because that plaintiff had the second highest loss. 2016 WL 1718217 at *5. Here, even if the DIG group is disaggregated, one of its members – Scarpatetti – still has the highest loss. Had Scarpatetti sought lead plaintiff status on his own, he would have achieved it. Therefore, to appoint Pontiac because of the DIG group's alleged deficiencies would effectively be to penalize Scarpatetti because he joined DIG. The Court fails to see how that outcome furthers any goal of the PSLRA.

At the hearing on these motions, Pontiac's lawyer repeatedly cited Eichenholtz for the proposition that the Court should disregard the investor with the largest loss if that investor is the member of a group that cannot otherwise establish lead plaintiff status. In Eichenholtz, the court did find a movant group inadequate, and it also found an investor member of the group inadequate even though that investor had suffered the largest claimed loss. But the court rejected the individual investor for reasons having to do only with that investor's inadequacy – that it was subject to unique defenses, that the judgment might not be given effect in the investor's home country, and that the investor was located in a foreign country far away from the court – and nothing to do with the fact that the investor joined a poorly put-together group. Eichenholtz v. Verifone Holdings, Inc., No. C07-06140MHP, 2008 WL 3925289, at *10 n.8 (N.D. Cal. Aug. 22,

4

2008). Eichenholtz does not help Pontiac.

The Court finds that the Depomed Investor Group has the greatest financial stake in the outcome of the case and is the presumptive lead plaintiff.

**B.     Rule 23**

DIG also meets Rule 23's typicality and adequacy requirements. Once a movant has demonstrated that it has the largest financial interest, it need only make a prima facie showing of its typicality and adequacy. See Cavanaugh, 306 F.3d at 730-31 (9th Cir. 2002).

DIG meets the typicality requirement because the group's members, like other members of the class, acquired Depomed securities during the Class Period at prices they allege were artificially inflated by the defendants' materially false and misleading statements. See ECF No. 12 at 12. DIG's claims are typical, if not identical, to the other members of the class because it suffered similar losses. See id. DIG also meets Rule 23's adequacy requirement because DIG's interests are aligned with the class. See id.

Pontiac argues that DIG does not meet Rule 23's adequacy requirement because DIG argued that Pontiac was not an adequate plaintiff given that Pontiac sold its stock "before any disclosure of the alleged fraud" and could not therefore have suffered a financial loss. ECF No. 34 at 9. See ECF No. 37 at 11. Pontiac responds to this argument on the merits, but also suggests that it is DIG that is not adequate, because DIG has undermined certain class members' claims by conceding a loss causation problem at the beginning of the litigation. See ECF No. 37 at 10-11. This, DIG says, makes Pontiac an inadequate lead plaintiff because it will not stand up for the class as a whole.

Pontiac offers no case law supporting the proposition that a court should disregard an investor movant with the largest financial interest because that investor made arguments about the weakness of another investor's claim in its lead plaintiff briefing.[1]

---

[1] Pontiac does cite Borenstein v. Finova Grp. Inc., No. CIV. 00-1010PHXEHC, 2000 WL 34524743 (D. Ariz. Aug. 30, 2000). See ECF No. 37 at 11. There, the court did conclude that two investors seeking lead plaintiff status might not "'fairly and adequately protect the interests' of the full class" because they had made arguments about why other class members would be unable to recover. Id. at *8. But in that case, the moving plaintiffs' "relative financial interests [were] inconclusive, and perhaps indeterminable." Id. Pontiac does not cite, and the Court has not

5

Pontiac's argument has some force: it seems counterproductive at the inception of the litigation for the parties whose financial interests are aligned to weaken each other's claims to the benefit of their mutual opponent. But that is precisely what the PSLRA encourages plaintiffs to do. In fact, arguments by one movant against another movant's liability or damages claims are practically inevitable, given that the plaintiff with the largest losses may nonetheless be disqualified from lead plaintiff status if she "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4 (a)(3)(B)(iii)(II)(bb). This is particularly so given the low bar to the raising of such defenses: a competing movant need not prove the defense at this stage of the case, but merely "show a degree of likelihood that a unique defense might play a significant role at trial." In re Netflix, Inc., Sec. Litig., No. 12-0225 SC, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012). Given these incentives, it is not surprising that arguments about unique defenses are frequently made, see, e.g., In re Outerwall Inc. Stockholder Litig., No. C16-1275JLR, 2017 WL 881382, at *8 (W.D. Wash. Mar. 6, 2017); In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. 2672 CRB (JSC), 2016 WL 5930844, at *5 (N.D. Cal. Oct. 11, 2016), and sometimes successful, In re Netflix, 2012 WL 1496171, at *5.

From plaintiffs' perspective, it may seem unfair that the tactics the PSLRA urges upon plaintiffs sometimes provide a collateral benefit to defendants. But the Court cannot penalize a plaintiff for doing precisely what the statute commands. The Court appoints Depomed Investor Group as Lead Plaintiff.

**C.    Selection of Counsel**

"Once a lead plaintiff is chosen, that plaintiff may select its counsel, subject to approval of the court." Suntech Power Holdings Co., 2012 WL 5927985, at *3 (citing 15 U.S.C. § 78u–4(a)(3) (B)(iv)). So long as the lead plaintiff has made "a reasonable choice of counsel, the district court should generally defer to that choice." Cohen v. U.S. Dist. Court for N. Dist. of California, 586 F.3d 703, 712 (9th Cir. 2009). The Depomed Investor Group has selected Levi & Korsinsky

---

located, any case finding a plaintiff with the actual largest financial loss inadequate on similar grounds.

1 LLP to serve as lead counsel and this designation is approved.  Levi & Korsinsky LLP has

2 experience as lead counsel in securities class action lawsuits, including lawsuits in this district.

3 See ECF No. 13-4.  The Court approves lead plaintiff's choice of counsel.

## CONCLUSION

This Court grants Depomed Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel.  The Court denies Pontiac's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel.

**IT IS SO ORDERED.**

Dated:  December 8, 2017



JON S. TIGAR
United States District Judge

7