EXHIBIT "1"

1

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)

2

Adam C. McCall (SBN 302130)

3

Email:    aapton@zlk.com
              amccall@zlk.com

4

388 Market Street, Suite 1300
San Francisco, California 94111

5

Telephone: (415) 373-1671
Facsimile: (415) 484-1294

6

7

*Attorneys for Lead Plaintiff and the Class*

8

[Additional Counsel on Signature Page]

9

10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

| | |
|---|---|
| INCHEN HUANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSERTIO THERAPEUTICS, INC., ARTHUR JOSEPH HIGGINS, JAMES A. SCHOENECK, and AUGUST J. MORETTI,<br><br>Defendants. | Case No. 4:17-cv-04830-JST<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

18

19

20

21

22

23

24

25

26

27

28

This Stipulation and Agreement of Settlement, dated as of July 30, 2021 (the "Stipulation") is entered into between (a) Plaintiffs Aurelio Scarpatetti, Manuele Scarpatetti, Mark Madrack and Duy Vu (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Depomed, Inc., n/k/a Assertio Therapeutics, Inc. ("Depomed"), Arthur Joseph Higgins, James A. Schoeneck, and August J. Moretti (collectively, "Defendants," and all Defendants other than Depomed, the "Individual Defendants") and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action, all claims asserted or that could have been asserted therein against Defendants, and all claims in any way relating, directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of Depomed common shares purchased or otherwise acquired between July 29, 2015 and August 7, 2017, inclusive (the "Class Period").

WHEREAS:

A.      On August 18, 2017, a class action complaint was filed in the United States District Court for the Northern District of California, styled *Huang et al. v. Depomed, Inc., et al.,* Case No. 3:17-CV-04830-JST (N.D. Cal.).[2]

B.      On December 8, 2017, the Court issued an Order (1) appointing Depomed Investor Group as Lead Plaintiffs for the Action; and (2) approving Plaintiff's selection of Levi & Korsinsky, LLP as Lead Counsel for the proposed plaintiff class.  ECF No. 52.

C.      On December 15, 2017, this Court issued an Order providing for Plaintiff to file an

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

[2]  Defendant Depomed, Inc. changed its name to Assertio Therapeutics, Inc. on August 14, 2018. Further, on August 21, 2019, Judge Tigar's courtroom location changed to the Ronald V. Dellums Federal Building and United States Courthouse, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, CA 94612. Therefore, the caption of this action now reads *Huang et al. v. Assertio Therapeutics, Inc., et al.,* Case No. 4:17-CV-04830-JST (N.D. Cal.). Subsequently, on May 19, 2020, Assertio Therapeutics, Inc. implemented a holding company reorganization pursuant to which (i) Assertio Therapeutics, Inc. became a direct, wholly-owned subsidiary of Assertio Holdings, Inc.; (ii) each issued and outstanding share of common stock of Assertio Therapeutics, Inc. converted into an equivalent corresponding share of common stock of Assertio Holdings, Inc.; (iii) Assertio Holdings, Inc.'s shares were deemed registered pursuant to Section 12g-3(a) of the Securities Exchange Act of 1934, as amended; and (iv) Assertio Holdings, Inc. assumed Assertio Therapeutics, Inc.'s listing on the Nasdaq Stock Market.

amended complaint, which would then function as the operative complaint. ECF No. 58. On February 6, 2018, Lead Plaintiffs filed an Amended Complaint (the "FAC"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Depomed and the Individual Defendants. ECF No. 61. On April 9, 2018, Defendants filed a Motion to Dismiss the FAC, ECF No. 66, which the Court granted on March 18, 2019. ECF No. 83.

D.    On May 2, 2019, Lead Plaintiffs filed a Second Amended Complaint (the "Second Amended Complaint" or "SAC'), asserting claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. ECF No. 87. On June 17, 2019, Defendants filed a Motion to Dismiss the Second Amended Complaint, ECF No. 92, which the Court granted on March 11, 2020. ECF No. 110.

E.    On April 9, 2020, Plaintiffs timely filed a Notice of Appeal which was assigned to the United States Court of Appeals for the Ninth Circuit, styled *Aurelio Scarpatetti, et al v. Assertio Therapeutics, Inc., et al.*, Case No. 20-15707. ECF Nos. 112-113.

F.    As part of the appeals process, Plaintiffs and Defendants participated in the Mediation Program of the Ninth Circuit Court of Appeals with Circuit Mediator Jonathan Westen. This included multiple calls with the mediator and the exchange of settlement offers. These mediation efforts were initially unsuccessful.

G.    On September 23, 2020, Plaintiffs filed their opening brief in the United States Court of Appeals for the Ninth Circuit ECF No. 22. On October 23, 2020, Defendants filed their answering brief ECF. No. 30. On December 14, 2020, Plaintiffs filed their Reply Brief. ECF. No. 36.

H.    An Oral Argument was initially scheduled for March 5, 2021 but on February 26, 2021, Appellees filed a Joint Motion to stay the appellate proceedings stating that they were engaged in advanced settlement negotiations and believed that the relief sought herein would facilitate settlement while conserving judicial and party resources. ECF. No. 44.

I.    While the initial mediation efforts were unsuccessful, Plaintiffs and Defendants continued to negotiate in good faith and came to an agreement in principle on February 26, 2021 to settle and release all claims asserted against Defendants in the Action in return for a cash payment

by Depomed of $1,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

J.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

K.     Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Defendants state no position on the fairness, reasonableness, or adequacy of the terms and conditions of this Stipulation and leave that determination to the Court.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

L.     This Stipulation constitutes a compromise of matters that are or could have been in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants has denied and continues to deny each and all of the claims and contentions alleged, or that could have been alleged, by Plaintiffs in this Action, and all allegations of wrongdoing, fault, or liability, or damages whatsoever asserted by Plaintiffs.  Each of the Defendants has also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.  Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages.  Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.  Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further

protracted litigation and to put the Released Claims to rest finally and forever.

M.     This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

N.     NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be finally and fully compromised, settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a)     "Action" means the securities class action in the matter styled *Huang et al v. Assertio Therapeutics, Inc. et al*, Case No. 4:17-cv-04830 (N.D. Cal), and includes all actions consolidated therein.

b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.  The Alternate Judgment must be in a form acceptable to all Parties.

c)      "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim Form to the Claims Administrator that is approved by the Court, pursuant to the Class Distribution Order, for payment from the Net Settlement Fund.

d)      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

f)      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

g)      "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

h)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

i)      "Court" means the United States District Court for the Northern District of California.

j)      "Defendants" means, collectively, Depomed, Inc., n/k/a Assertio Therapeutics, Inc., Arthur Joseph Higgins, James A. Schoeneck, and August J. Moretti.

k)      "Defendants' Counsel" means the law firm of Wilmer Cutler Pickering Hale and Dorr LLP.

l)      "Defendants' Releasees" means Defendants and each of a Defendant's past, present and future parents, subsidiaries and affiliates, and their respective directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a majority interest, any member of an Individual Defendant's Immediate Family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her

5

family.

m)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

n)     "Escrow Account" means an account maintained at Signature Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

o)     "Escrow Agent" means Signature Bank.

p)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

q)     "Excluded Claims" means (i) any claim(s) relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

r)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, expenses or reimbursements to Plaintiffs or Lead Counsel, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay, affect, or preclude a judgment from becoming Final.

s)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-

in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

t)      "Individual Defendants" means Arthur Joseph Higgins, James A. Schoeneck, and August J. Moretti.

u)      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

v)      "Lead Counsel" means the law firm of Levi & Korsinsky, LLP.

w)      "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

x)      "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

y)      "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

z)      "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

aa)      "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

bb)      "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

cc)      "Plaintiffs' Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, partners,

members, principals, controlling shareholders, accountants or auditors, agents, parents, heirs, Immediate Family members, personal or legal representatives, affiliates, subsidiaries, executors, trustees, administrators, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

dd)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

ee)    "Postcard Notice" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to Settlement Class Members.

ff)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

gg)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

hh)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

ii)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action, including but not limited to claims for attorney's fees or expenses.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

jj)    "Released Plaintiffs' Claims" means any and all claims, including Unknown Claims, that have been or could have been asserted by or on behalf of any of Plaintiffs' Releasees, in any capacity, arising out of, based upon, relating indirectly or directly to, or in connection with the

purchase, sale, acquisition, disposition, or holding of Depomed common shares purchased or otherwise acquired from July 29, 2015 to August 7, 2017, inclusive, and the transactions, facts, events, matters, occurrences, acts, disclosures, statements, representations, misrepresentations or omissions involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations that were or could have been alleged in this Action or the disclosures made in connection therewith (including the adequacy and completeness or such disclosures). Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a valid and timely request for exclusion that is accepted by the Court.  For avoidance of doubt, the definition of "Released Plaintiffs' Claims" does not include claims in any shareholder derivative action.

kk)     "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

ll)     "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

mm)     "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

nn)     "Settlement Amount" means $1,000,000.00 in cash.

oo)     "Settlement Class" means all persons who purchased or otherwise acquired common shares of Depomed from July 29, 2015 to August 7, 2017, inclusive. Excluded from the Settlement Class are Defendants and their respective successors and assigns; past and current executive officers and directors of Depomed, Inc. n/k/a Assertio Therapeutics Inc.; members of the Immediate Families of the Individual Defendants; the legal representatives, heirs, successors or assigns of the Individual Defendants; any entity in which any of the above excluded persons have or had a majority interest; and any person who validly requests exclusion from the Settlement Class.

pp)     "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

qq)     "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

rr)     "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the

Federal Rules of Civil Procedure to consider final approval of the Settlement.

ss)     "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

tt)     "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

uu)     "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in their favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by him, her or it, might have affected their decision(s) with respect to this Settlement, including the decision to object to the terms of the settlement or to exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties and Releasees may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties expressly, fully, finally, and forever settle and release, and each other Releasees shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      In the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification.  Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a Settlement Hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for

herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members and Plaintiffs' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment or Alternate Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any or all of the Released Plaintiffs' Claims, in any capacity, against any of the Defendants' Releasees.  This release shall not apply to any Excluded Claim.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment or Alternate Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which submits a valid request for exclusion from the Settlement Class that is accepted by the Court.  This release also shall not release or alter the contractual rights, if any, under the terms of any written agreement among any of the Releasees.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

**THE SETTLEMENT CONSIDERATION**

8.      In consideration of the settlement of the Released Plaintiffs' Claims against

Defendants and the other Defendants' Releasees, Depomed shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited. No Defendant other than Depomed, Inc. n/k/a Assertio Therapeutics, Inc. shall have any payment obligation under this Stipulation. Under no circumstances will Defendants or any of their insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and/or Litigation Expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account). If the Settlement Amount is not timely paid to the Escrow Agent, Plaintiffs may terminate the Settlement but only if (1) Lead Counsel has notified Defendants' Counsel in writing of the Plaintiffs' intention to terminate the settlement, and (2) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) business days after such notice.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-31 below. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust, a non-sectarian, not-for-profit, 501(c)(3) organization, subject to the Court's approval.

10.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund

shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Defendants and any other Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in

Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes.

13.     The Settlement is not a claims-made settlement, *i.e.*, the Settlement is non-recapture. Upon the occurrence of the Effective Date, no Defendant, other Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, at any time after entry of the Preliminary Approval Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, up to $100,000 from the Settlement Fund to pay for all Notice and Administration Costs reasonably and actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. Any additional Notice and Administration Costs in excess of $100,000 shall be paid from the Settlement Fund subject to prior approval of the Court. In the

event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

15.     It shall be Lead Counsel's sole responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Defendants' Releasees with respect to any claims they may have that arise from any failure of the notice process.

### ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.

18.     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees, costs, and expenses, or the costs and expenses of Plaintiffs, to

be paid out of the Settlement Fund are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Releasees. The Parties agree that the denial, in whole or in part, of any application for attorneys' fees shall in no way affect the enforceability, validity, or finality of this Stipulation or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth therein. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Stipulation or settlement based on any objection or appeal with respect to fees or expenses awarded in the Action or the Court's or an appellate court's ruling with respect to fees and expenses awarded in the Action.

19.     Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

20.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Defendants' obligation to provide Depomed, Inc.'s n/k/a Assertio Therapeutics, Inc.'s record stockholders as provided in ¶ 22 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or

17

entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those Settlement Class Members as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at a website to be created and maintained by the Claims Administrator; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) Depomed, Inc.'s n/k/a Assertio Therapeutics, Inc.'s security lists (consisting of names and addresses) of the record holders of the Depomed, Inc.'s n/k/a Assertio Therapeutics, Inc.'s common shares during the relevant period.

22.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

23.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees,

shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

24.     Unless they request exclusion from the Class in the manner set forth herein, any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member, nor shall any Defendants or Defendants' Releasees have any responsibility for, interest in, or liability for any such decision. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such

Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d)      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with

respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28.     Lead Counsel will apply to the Court for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30.     No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection

therewith.

31.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## TERMS OF THE JUDGMENT

32.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

33.     The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B hereto that shall, upon the Effective Date, permanently bar, enjoin, extinguish, and discharge, to the fullest extent permitted by law, any and all claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Plaintiffs or any Class Member) among and against the Defendants' Releasees arising out, relating to, or concerning the purchase, sale, acquisition, disposition, or holding of Depomed common shares purchased or otherwise acquired from July 29, 2015 to August 7, 2017, inclusive, and any acts, facts, statements, or omissions that were or could have been alleged in the Action and the claims that were asserted or could have been asserted therein, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum, provided however, that nothing in the Bar Order shall release or alter the contractual rights, if any, under the terms of any written agreement among any of the Releasees.  The Bar Order shall be consistent with, and apply to the full extent of, the PSLRA.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

34.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b)       the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above;

c)       Depomed, Inc. n/k/a Assertio Therapeutics, Inc. has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 38 below);

d)       Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

e)       the Court has approved the Settlement as described herein, following notice to the Settlement Class and a Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final; and

f) the Court has entered the Bar Order.

35.      Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

36.      If (i) Depomed, Inc. n/k/a Assertio Therapeutics, Inc. exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a)       The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b)       Plaintiffs and Defendants shall revert to their respective positions in the Action as of February 26, 2021.

c)       The terms and provisions of this Stipulation, with the exception of this ¶ 36 and ¶¶ 14, 17, 39 and 63, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation

shall be treated as vacated, *nunc pro tunc*.

   d) Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶¶ 17-18 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to the Defendants (or such other persons or entities as the  Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶¶ 17-18 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the Defendants (or such other persons or entities as the Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶¶ 17-18 above.

   37. It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and the Defendants, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 36 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

   38. In addition to the grounds set forth in ¶ 37 above, Depomed, Inc. n/k/a Assertio Therapeutics, Inc. shall have the unilateral right to terminate the Settlement in the event that

Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Depomed, Inc.'s n/k/a Assertio Therapeutics, Inc.'s confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall, to the fullest extent possible, submit the Supplemental Agreement in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement. Nothing in this ¶ 38 shall prevent Plaintiffs or Defendants from: (i) complying fully with any request or order of the Court, including for public filing of the Supplemental Agreement; or (ii) complying in full with obligations under the Class Action Fairness Act.

## NO ADMISSION OF WRONGDOING

39.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b)        shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c)        shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## NOTICE AS REQUIRED BY CAFA

40.        Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. § 1715, and the identity of those who will receive the CAFA Notice.  Defendants shall be responsible for providing timely service of the CAFA Notice and for all costs and expenses related thereto.

## MISCELLANEOUS PROVISIONS

41.        All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

42.        Defendants and any other Defendants' Releasees may file the Stipulation and/or the Judgment in any action that has been or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

43.     Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

44.     Plaintiffs and Lead Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

45.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 36 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 36.

46.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members or Plaintiffs' Releasees against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their

counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Jonathan Westen, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

47.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

48.     The Parties and their respective counsel agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action against the Releasees; (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Releasees with respect to any matter relating to the subject matter of this Action; (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone; and (d) they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

49.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

50.    The Releasees who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

51.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.    Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed.

53.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

54.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

55.    The failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

56.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

57.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, electronic signature via DocuSign or similar software, and/or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

58.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

59.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

60.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

61.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

62.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

63.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

64.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:          Levi & Korsinsky, LLP
                                           Attn:  Nicholas Porritt, Esq.
                                           1101 30th Street, Suite 115
                                           Washington, DC 20007
                                           Telephone:  (202) 524-4290
                                           Facsimile:  (212) 363-7171

Email: nporritt@zlk.com

If to Defendants:          Wilmer Cutler Pickering Hale and Dorr LLP
                           Attn:  Michael Bongiorno, Esq.
                           60 State Street
                           Boston, MA 02109
                           Telephone: (617) 526-6000
                           Facsimile:  (617) 526-5000
                           Email:Michael.bongiorno@wilmerhale.com

65.     Except as otherwise provided herein, each Party shall bear its own costs.

66.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

67.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

68.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.   Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

69.     The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 30, 2021.

                                        **LEVI & KORSINSKY, LLP**


                                        By: _____
                                        Nicholas I. Porritt
                                        Adam M. Apton
                                        1101 30th Street, Suite 115
                                        Washington, DC 20007

Telephone:(202)524-4290
Facsimile: (212) 363-7171

***Lead Counsel for Plaintiffs
and the Settlement Class***

**WILMER   CUTLER   PICKERING
HALE AND DORR LLP**


By: *Michael Bongiorno*
Michael Bongiorno
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000

***Counsel for Defendants***