**EXHIBIT A**

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| INCHEN HUANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSERTIO THERAPEUTICS, INC., ARTHUR JOSEPH HIGGINS, JAMES A. SCHOENECK, and AUGUST J. MORETTI,<br><br>Defendants. | Case No. 4:17-cv-04830-JST<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      WHEREAS, a class action is pending in this Court entitled *Huang et al v. Assertio*

2  *Therapeutics, Inc. et al*, Case No. 4:17-cv-04830-JST (the "Action");

3      WHEREAS, (a) Plaintiffs Aurelio Scarpatetti, Manuele Scarpatetti, Mark Madrack and Duy

4  Vu (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below);

5  and (b) Defendants Depomed, Inc., n/k/a Assertio Therapeutics, Inc. ("Depomed"), Arthur Joseph

6  Higgins, James A. Schoeneck, and August J. Moretti (collectively, "Defendants"); and together with

7  Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this

8  Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of

9  Settlement dated July 30, 2021 (the "Stipulation") subject to approval of this Court (the

10  "Settlement");

11      WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules

12  of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the

13  Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice

14  to Settlement Class Members as more fully described herein;

15      WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary

16  approval of the Settlement, and the papers filed and arguments made in connection therewith; and

17  (b) the Stipulation and the exhibits attached thereto; and

18      WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall

19  have the same meanings as they have in the Stipulation;

20  **NOW THEREFORE, IT IS HEREBY ORDERED:**

21      1.   **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of

22  the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the

23  proposed Settlement, a Settlement Class consisting of all persons who purchased or otherwise

24  acquired common shares of Depomed from July 29, 2015 to August 7, 2017, inclusive. Excluded

25  from the Settlement Class are Defendants and their respective successors and assigns; past and

26  current executive officers and directors of Depomed, Inc. n/k/a Assertio Therapeutics Inc.; members

27  of the Immediate Families of the Individual Defendants; the legal representatives, heirs, successors

28  or assigns of the Individual Defendants; any entity in which any of the above excluded persons have

or had a majority interest; and any person who validly requests exclusion from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Aurelio Scarpatetti, Manuele Scarpatetti, Mark Madrack and Duy Vu are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2021 at __:__ _.m. in Courtroom 6, 2nd  Floor of the United States Courthouse, 1301 Clay Street, Oakland, CA 94612, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation

should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

7.    **Retention of Claims Administrator and Manner of Giving Notice –** Lead Counsel is hereby authorized to retain Analytics Consulting LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)  within ten (10) business days of the date of entry of this Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its stockholder of record lists (consisting of names and addresses) for the Depomed common shares during the relevant time period;

(b)  not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in Investor's Business Daily and to be transmitted once over the PR Newswire; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of

1  the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before

2  they are mailed, posted online, and published, respectively.

3       9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise

4  acquired common shares of Depomed from July 29, 2015 to August 7, 2017, inclusive shall (a)

5  within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims

6  Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and

7  within seven (7) calendar days of receipt of those Postcard Notices forward them to all such

8  beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list

9  of the names and addresses of all such beneficial owners to the Claims Administrator in which event

10  the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.  Upon

11  full compliance with this Order, such nominees may seek reimbursement of their reasonable

12  expenses actually incurred in complying with this Order, up to a maximum of $0.__ per notice, by

13  providing the Claims Administrator with proper documentation supporting the expenses for which

14  reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance

15  with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the

16  reasonableness or documentation of expenses incurred subject to review by the Court.

17       10.    **Participation in the Settlement** – Settlement Class Members who wish to

18  participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund

19  must complete and submit a Claim Form in accordance with the instructions contained therein.

20  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred

21  twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel

22  may, at its discretion, accept for processing late Claims provided such acceptance does not delay

23  the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person

24  or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to their

25  Claim and the subject matter of the Settlement.

26       11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be

27  properly completed, signed and submitted in a timely manner in accordance with the provisions of

28  the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the

transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived their right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  *Huang et al v. Assertio Therapeutics, Inc. et al*, EXCLUSIONS, c/o Analytics Consulting LLC, P.O. Box 2004, Chanhassen, MN 55317-2004, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of

entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Huang et al v. Assertio Therapeutics, Inc. et al*, Case No. 4:17-cv-04830-JST"; (iii) state the number of common shares of Depomed that the person or entity requesting exclusion purchased/acquired during the Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived their right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| **Levi & Korsinsky, LLP**<br>Nicholas Porritt, Esq.<br>1101 30th Street, Suite 115<br>Washington, DC 20007 | **Wilmer Cutler Pickering Hale and Dorr LLP**<br>Michael Bongiorno<br>60 State Street<br>Boston, MA 02109 |

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of common shares of Depomed that the objecting Settlement Class Member purchased/acquired during the Class Period. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Settlement Class Member who or which does not make their objection in the manner provided herein shall be deemed to have waived their right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Signature Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the

rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 26, 2021, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE
Case No. 4:17-CV-04830-JST

26.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED** this _____ day of _____, 2021.


_____
The Honorable Jon S. Tigar
United States District Judge