**Exhibit A-1**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INCHEN HUANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSERTIO THERAPEUTICS, INC., ARTHUR JOSEPH HIGGINS, JAMES A. SCHOENECK, and AUGUST J. MORETTI,<br><br>Defendants. | Case No. 4:17-cv-04830-JST<br><br>Honorable Jon S. Tigar |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased or otherwise acquired common shares of Depomed, Inc., n/k/a Assertio Therapeutics, Inc. ("Depomed" or the "Company") from July 29, 2015 to August 7, 2017, inclusive.

**NOTICE OF SETTLEMENT:** Please also be advised that Plaintiffs Aurelio Scarpatetti, Manuele Scarpatetti, Mark Madrack and Duy Vu (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for $1,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Depomed, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 75 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed

Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants Depomed, Inc., n/k/a Assertio Therapeutics, Inc. ("Depomed"), Arthur Joseph Higgins, James A. Schoeneck, and August J. Moretti (collectively, "Defendants," and all Defendants other than Depomed, the "Individual Defendants") violated the federal securities laws by making false and misleading statements and/or concealing material adverse facts. The proposed Settlement resolves the Action concerning whether the Defendants violated the federal securities laws by knowingly making materially false and misleading statements relating to Depomed's marketing of opioids.  The proposed Settlement also bars any and all claims for contribution or indemnity against any of the Releasees arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action.  A more detailed description of the Action is set forth in paragraphs 11-20 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 21 below.

2. **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $1,000,000 in cash (the "Settlement Amount") to be deposited by Depomed into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimates of the number of common shares of Depomed common stock purchased or otherwise acquired during the Settlement Class Period [subject to POA finalization] that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.021. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares they purchased or otherwise acquired, when and at what prices they purchased/acquired or sold their Depomed common shares, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants deny that they violated the federal securities laws and that any damages were suffered by any members of the Settlement Class.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2017, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Levi & Korsinsky, LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 33.33% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement

of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $60,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected Depomed common share, if the Court approves Lead Counsel's fee and expense application, is $0.014 per eligible security.

6. **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Nicholas Porritt, Esq. of Levi & Korsinsky, LLP, 1101 30th Street, Suite 115, Washington, DC 20007, (202) 524-4290, nporritt@zlk.com.

7. **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after a decision on the pending appeal, contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who have denied and continue to deny all allegations of wrongdoing, fault, liability, or damages whatsoever asserted by Plaintiffs, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.  Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages.  Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 30 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |

3

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2021\_ AT \_\_:\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Filing a written objection and notice of intention to appear by _____, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**WHAT THIS NOTICE CONTAINS**

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Do I Know If I Am Affected By The Settlement? Who Is Included
    In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Page [ ]
What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Are Settlement Class Members Affected By The Action And
    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . . . . . Page [ ]
How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing? May I Speak At The Hearing If I
    Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

4

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . . Page [ ]

### WHY DID I GET THE POSTCARD NOTICE?

8. The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Depomed common shares during the relevant period. The Court also directed that this Notice be posted online at www.DepomedSecuritiesLitigation.com and mailed to you upon request to the Claims Administrator. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraph 66 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

### WHAT IS THIS CASE ABOUT?

11. Depomed was a specialty pharmaceutical company most widely known for its flagship opioid product, NUCYNTA.

12. A class action complaint was filed in the Court on August 18, 2017, styled *Huang et al. v. Depomed, Inc., et al.,* Case No. 3:17-CV-04830-JST (N.D. Cal.). Defendant Depomed, Inc. changed its name to Assertio Therapeutics, Inc. on August 14, 2018. Further, on August 21, 2019, Judge Tigar's courtroom location changed to the Ronald V. Dellums Federal Building and United States Courthouse, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, CA 94612. Therefore, the caption of this action now reads *Huang et al. v. Assertio Therapeutics, Inc., et al.*, Case No. 4:17-CV-04830-JST (N.D. Cal.). On December 8, 2017, the Court issued an Order (1) appointing Depomed Investor Group as Lead Plaintiffs for the Action; and (2) approving Plaintiff's selection of Levi & Korsinsky, LLP as Lead Counsel for the proposed plaintiff class.

13.     On May 2, 2019, Lead Plaintiffs filed and served the Second Amended Complaint for Violations of the Federal Securities Laws ("SAC"). Among other things, the SAC alleged that Defendants violated the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78a, *et seq*. In pertinent part, the SAC, alleged that Defendants violated the federal securities laws by knowingly making materially false and misleading statements relating to Depomed's marketing of opioids.

14.     On March 11, 2020, the Court entered an Order dismissing Plaintiffs' complaint without leave to amend. On April 9, 2020, Plaintiffs timely filed a Notice of Appeal which was assigned to the United States Court of Appeals for the Ninth Circuit, styled *Aurelio Scarpatetti, et al v. Assertio Therapeutics, Inc., et al.*, Case No. 20-15707.

15.     As part of the appeals process, Plaintiffs and Defendants participated in the Mediation Program of the Ninth Circuit Court of Appeals with Circuit Mediator Jonathan Westen. This included multiple calls with the mediator and the exchange of settlement offers. These mediation efforts were initially unsuccessful.

16.     After the Parties had fully briefed their arguments on appeal, the Ninth Circuit scheduled an Oral Argument for March 5, 2021. However, the Parties continued to negotiate in good faith and on February 26, 2021, the Parties filed a Joint Motion to stay the appellate proceedings stating that they were engaged in advanced settlement negotiations and believed that the relief sought herein would facilitate settlement.

17.     Plaintiffs and Defendants continued to negotiate in good faith and came to an agreement in principle on February 26, 2021 to settle and release all claims asserted against Defendants in the Action in return for a cash payment by Depomed of $1,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

18.     Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

19.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants has denied and continues to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 31 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

20. On _____, 2021, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

21. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons who purchased or otherwise acquired common shares of Depomed from July 29, 2015 to August 7, 2017, inclusive.

Excluded from the Settlement Class are Defendants and their respective successors and assigns; past and current executive officers and directors of Depomed, Inc. n/k/a Assertio Therapeutics Inc.; members of the Immediate Families of the Individual Defendants; the legal representatives, heirs, successors or assigns of the Individual Defendants; any entity in which any of the above excluded persons have or had a majority interest; and any person who validly requests exclusion from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [\_\_] below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.DepomedSecuritiesLitigation.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, online or postmarked no later than _____ _____, 2021.**

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

22. Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. The District Court had already dismissed Plaintiffs' claims twice, and there was no guarantee that Plaintiffs would succeed on appeal. If Plaintiffs were successful on their appeal and in moving past the pleading stage, they would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

23. In light of these risks, the amount of the Settlement and the immediacy of recovery to the

7

Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $1,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

24. Defendants have denied and continue to deny the claims asserted against them in the Action and have denied and continue to deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25. If there were no Settlement and Plaintiffs were unsuccessful on appeal, failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Settlement Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

26. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

27. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page __ below.

28. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

29. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their

respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

30. "Released Plaintiffs' Claims" means any and all claims, including Unknown Claims, that have been or could have been asserted by or on behalf of any of Plaintiffs' Releasees, in any capacity, arising out of, based upon, relating indirectly or directly to, or in connection with the purchase, sale, acquisition, disposition, or holding of Depomed common shares purchased or otherwise acquired from July 29, 2015 to August 7, 2017, inclusive, and the transactions, facts, events, matters, occurrences, acts, disclosures, statements, representations, misrepresentations or omissions involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations that were or could have been alleged in this Action or the disclosures made in connection therewith (including the adequacy and completeness or such disclosures). Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a valid and timely request for exclusion that is accepted by the Court.  For avoidance of doubt, the definition of "Released Plaintiffs' Claims" does not include claims in any shareholder derivative action.

31. "Defendants' Releasees" means Defendants and each of a Defendant's past, present and future parents, subsidiaries and affiliates, and their respective directors, officers, employees, partners, members principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a majority interest, any member of an Individual Defendant's Immediate Family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

32. "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including the decision to object to the terms of the settlement or to exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would havematerially affected his or her

settlement with the debtor or released party.

The Parties and Releasees may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties expressly, fully, finally, and forever settle and release, and each other Releasees shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

34. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action, including but not limited to claims for attorney's fees or expenses.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35. "Plaintiffs' Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, partners, members, principals, controlling shareholders, accountants or auditors, agents, parents, heirs, Immediate Family members, personal or legal representatives, affiliates, subsidiaries, executors, trustees, administrators, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

36. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **online or postmarked no later than _____, 2021**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.DepomedSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-327-1934.  Please retain all records of your ownership of and transactions in Depomed common shares, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

37. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38. Pursuant to the Settlement, Depomed has agreed to pay or caused to be paid one million dollars ($1,000,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

40. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

41. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before _____, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 30 above) against the Defendants' Releasees (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

43. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Depomed common shares held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares or notes that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Depomed common shares during the Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the

11

recovery that may be obtained from the Settlement by the ERISA Plan.

44. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Depomed common shares during the Class Period will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## **PROPOSED PLAN OF ALLOCATION**

47. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized loss aAmounts are based primarily on the price declines observed over the period which Plaintiffs allege corrective information was entering the market place. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts which allegedly had the effect of artificially inflating the price of Depomed common shares during the Class Period. On August 7, 2018, Depomed revealed information about ongoing investigations into its marketing practices and lowered its revenue estimates for fiscal year 2017. Plaintiffs allege that this disclosure revealed to the market that Defendants' previous statements had been false and/or materially misleading and, in turn, caused Depomed's stock price to decline $3.08 per share. Consequently, the plan of allocation uses this decline to determine each Authorized Claimant's pro rata allocation.

49. The following provides the per-share amount of each Authorized Claimant's recognized loss. The per share recognized loss is based upon the average amount of potential damages per share:

- If you purchased shares of Depomed common stock between July 29, 2015 and August 7, 2017, and held your shares through August 8, 2017, then your Recognized Loss is $3.08 per share held;

- If you purchased shares of Depomed common stock between July 29, 2015 and August 7, 2017, and sold prior to August 8, 2017, then your Recognized Loss is $0.00 per share; and
- If you purchased shares of Depomed common stock after August 7, 2017, then your Recognized Loss is $0.00 per share.

## ADDITIONAL PROVISIONS

50. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 53 below) is $10.00 or greater.

51. If a Settlement Class Member has more than one purchase/acquisition or sale of Depomed common shares, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. Sales during the relevant period will be matched first against any holdings at the time of the initial public offering, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the relevant time period.

52. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its recognized loss amounts for all common shares of Depomed.

53. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

54. Purchases or acquisitions and sales of Depomed common shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Depomed common shares during the relevant time period shall not be deemed a purchase, acquisition or sale of Depomed common shares for the calculation of an Authorized Claimant's recognized loss amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any common shares of Depomed unless (i) the donor or decedent purchased or otherwise acquired such Depomed common shares during the relevant time period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such common shares of Depomed; and (iii) it is specifically so provided in the instrument of gift or assignment.

55. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the common shares of Depomed. The date of a "short sale" is deemed to be the date of sale of the common shares of Depomed. Under the Plan of Allocation, however, the recognized loss amount on "short sales" is zero. In the event that a Claimant has an opening short position in a Depomed common share, the earliest purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

56. To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Depomed common shares during the relevant period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall

13

transactions in Depomed common shares during the relevant period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

57.   After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution. Any additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

58.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

59.   The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.DepomedSecuritiesLitigation.com.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

60.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.33% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $60,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

> **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?**
> **HOW DO I EXCLUDE MYSELF?**

61. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Huang et al. v. Assertio Therapeutics, Inc. et al,* EXCLUSIONS, c/o Analytics Consulting LLC, P.O. Box 2004, Chanhassen, MN 55317-2004. The exclusion request must be ***received*** no later than _____, 2021. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Huang et al. v. Assertio Therapeutics, Inc. et al,* Case No. 4:17-cv-04830-JST"; (c) state the number of Depomed common shares that the person or entity requesting exclusion purchased/acquired during the Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

62. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

63. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

64. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be Settlement Class Members in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE**
> **SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

65. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

66. The Settlement Hearing will be held on _____, 2021 at __:__ _.m., before the Honorable Jon S. Tigar the United States District Court for the Northern District of California, United States Courthouse, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, CA 94612. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Settlement Class Members. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

67. Any Settlement Class Member who or which does not request exclusion may object to the

Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before _____, 2021.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2021**.

|  **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Northern District of California<br>Clerk of the Court<br>United States Courthouse<br>1301 Clay Street<br>Oakland, CA 94612 | **Levi & Korsinsky, LLP**<br>Nicholas Porritt, Esq.<br>1101 30th Street, Suite 115<br>Washington, DC 20007 | **Wilmer Cutler Pickering<br>Hale and Dorr LLP**<br>Michael Bongiorno<br>60 State Street<br>Boston, MA 02109 |

68. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of Depomed common shares that the objecting Settlement Class Member purchased/acquired during the Class Period.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

69. You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before _____, 2021**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

71. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 67 above so that the notice is ***received* on or _____, 2021.**

72. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

73. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

74. If you purchased or otherwise acquired any common shares of Depomed during the Class Period for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Huang et al v. Assertio Therapeutics, Inc. et al*, c/o Analytics Consulting LLC, P.O. Box 2004, Chanhassen, MN 55317-2004. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.04 per Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; $0.03 per link to the Notice and Claim Form emailed; or $0.04 per name, address, and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.DepomedSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-866-327-1934.

### CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

75. This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.DepomedSecuritiesLitigation.com, by contacting class counsel, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

*Huang et al v. Assertio Therapeutics, Inc. et al*          and/or          Nicholas Porritt, Esq.

<table>
<tr><td>c/o Analytics Consulting LLC,<br>P.O. Box 2004<br>Chanhassen, MN 55317-2004<br>1-866-327-1934<br>www.DepomedSecuritiesLitigation.com</td><td>LEVI & KORSINSKY, LLP<br>1101 30th Street, Suite 115<br>Washington, DC 20007<br>Telephone:  (202) 524-4290<br>Email: nporritt@zlk.com</td></tr>
</table>

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021

By Order of the Court
United States District Court
Northern District of California