UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCHEN HUANG, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARTHUR JOSEPH HIGGINS, et al.,<br><br>        Defendants. | Case No. 17-cv-04830-JST<br><br>**ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEY'S FEES; DENYING MOTION FOR REIMBURSEMENT OF LITIGATION COSTS**<br><br>Re: ECF Nos. 123, 124 |

Before the Court are two unopposed motions. First, Plaintiffs Arelio Scarpatetti, Manuele Scarpatetti, Mark Madrack, and Duy Vu[1] ("Plaintiffs") filed a motion for final approval of the settlement. ECF No. 123. Second, Plaintiffs also filed a motion for an award of attorney's fees and reimbursement of litigation costs. ECF No. 124. The Court held a final fairness hearing on July 28, 2022. The Court will grant both motions.

I.   **FINAL APPROVAL OF SETTLEMENT AGREEMENT**[2]

   1.   **Class Certification** – Having reviewed the parties' briefs and supplemental submissions, the Court will grant Plaintiffs' motion for final approval of the settlement. The Court has held that the non-opt-out class should be certified for the purpose of this Settlement under Federal Rule of Civil Procedure 23, under the terms of the Settlement. ECF No. 122. The Court confirms that the class preliminarily certified under Rule 23 is appropriate for the reasons set forth

---

[1] On July 28, 2022, Plaintiffs' counsel filed a notice that Duy Vu died on February 28, 2022. ECF No. 128. "Mr. Vu is survived by his wife, Wendy Vu, who received his interest in the above-captioned matter through the probate of his estate. Pursuant to Federal Rule of Civil Procedure 25(c), Ms. Vu will serve as Mr. Vu's representative in this action." *Id.*

[2] Unless otherwise defined in this order, the capitalized terms have the same meaning as they have in the Settlement, ECF No. 117-2.

in its preliminary approval order, and hereby finally certifies the following non-opt-out class:

> [A]ll persons who purchased or otherwise acquired common shares of Depomed from July 29, 2015 to August 7, 2017, inclusive. Excluded from the Settlement Class are Defendants and their respective successors and assigns; past and current executive officers and directors of Depomed, Inc. n/k/a Assertio Therapeutics Inc; members of the Immediate Families of the Individual Defendants; the legal representatives, heirs, successors or assigns of the Individual Defendants; any entity in which any of the above excluded persons have or had a majority interest; and any person who validly requests exclusion from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who or which excluded themselves by submitting a request for exclusion that is accepted by the Court.

ECF No. 117 at 12; ECF No. 117-2 at 2.

2. **Adequacy of Representation** – For purposes of the Settlement, the Court hereby finally certifies Plaintiffs Aurelio Scarpatetti, Manuele Scarpatetti, Mark Madrack, and Duy Vu as class representatives, and Levi & Korsinsky, LLP as settlement class counsel ("Class Counsel").

3. **Notice** – The parties complied in all material respects with the notice plan set forth in the original settlement agreement, ECF No. 117-2, Plaintiffs' motion for preliminary approval of the class action settlement, ECF No. 117, and the Court's preliminary approval order, ECF No. 121. The Court finds that Plaintiffs' notice to the settlement class constituted due and sufficient notice to the class of the pendency of the litigation, the existence and terms of the Settlement, class member's rights to make claims or object, and the matters to be decided at the final approval hearing. Further, the notice plan satisfied the requirements of the United States Constitution, Rule 23 or the Federal Rules of Civil Procedure, and all other applicable law.

4. **CAFA** – All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., have been satisfied.

5. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action). The Court finds that full

opportunity has been given, including at the final approval hearing held on July 28, 2022, for the class members to object to the terms of the Settlement and the request for attorney's fees. To date, no objections have been submitted. The Court also finds that the Settlement is fair, reasonable, and adequate to the class members. The Court therefore finally approves the Settlement due to the fact that the Settlement was the product of arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of a neutral mediator; the record was sufficiently developed and motion proceedings enabled counsel for the parties to adequately evaluate and consider the strengths and weaknesses of their respective positions; the litigation involved disputed claims, as well as two orders from this Court dismissing the complaints, the second time with prejudice, which underscores the uncertainty and risks of the outcome in this matter; and the Settlement provides meaningful remedial benefits for the disputed claims. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6. The Action and all of the claims asserted therein, as well as all of the Released Plaintiffs' Claims, are hereby dismissed with prejudice as to all Defendants and any other Defendants' Releasees. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members and Plaintiffs' Releasees, on behalf of themselves, and their respective

heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred, enjoined, and estopped from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any or all of the Released Plaintiffs' Claims, in any capacity, against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1([q]) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment, or any other written agreement between or among the parties.

10. **<u>Bar Order</u>** – Upon the Effective Date of the Settlement, the Court hereby permanently bars, enjoins, extinguishes, and discharges to the fullest extent permitted by law any and all claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Plaintiffs or any Class Member) among and against the Defendants' Releasees

arising out, relating to, or concerning the purchase, sale, acquisition, disposition, or holding of Depomed common shares purchased or otherwise acquired from July 29, 2015 to August 7, 2017, inclusive, and any acts, facts, statements, or omissions that were or could have been alleged in the Action and the claims that were asserted or could have been asserted therein, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum, provided however, that nothing in this Bar Order shall release or alter the contractual rights, if any, under the terms of any written agreement among any of the Releasees.

11. **<u>Judgment Reduction</u>** – Any final verdict or judgment obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order based upon, arising out of, relating to, or in connection with in any way in part or in whole any Released Plaintiffs' Claim shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

12. **<u>No Admissions</u>** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way

referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. The Releasees may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment

6

in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 26, 2021, as provided in the Stipulation.

18.     **Entry of Final Judgment** – Finding no just reason to delay entry of this order as a final judgment with respect to the claims asserted in this action, the Clerk of the Court is directed to enter judgement pursuant to Rule 54(b) against Defendants.

**II.     ATTORNEY'S FEES AND COSTS**

    **A.     Attorney's Fees**

"While attorneys' fees and costs may be awarded in a certified class action where so

authorized by law or the parties' argument, . . . courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (internal citation omitted). "Where a settlement produces a common fund for the benefit of the entire class," as here, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to assess the reasonableness of the requested attorney's fee award. *Id.* at 942. "Because the benefit to the class is easily quantified in common-fund settlements," the Ninth Circuit permits district courts "to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *Id.*

The Ninth Circuit maintains a well-established "benchmark for an attorneys' fee award in a successful class action [as] twenty-five percent of the entire common fund." *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997). Courts in the Ninth Circuit generally start with the 25% benchmark and adjust upward or downward depending on: "the extent to which class counsel 'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experience while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)). Beyond this analysis, courts often crosscheck the amount of fees against the lodestar. "Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050. "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d at 941. Regardless of whether the court uses the lodestar or percentage approach, the main inquiry is whether the fee award is "reasonable in relation to what the plaintiffs recovered." *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000).

8

Here, the settlement fund total is $1,000,000, ECF No. 123 at 25, and Class Counsel seeks the standard 25% benchmark in attorney's fees, totaling $250,000, ECF No. 124. The briefs and declarations adequately support the amount of requested fees. Exhibit A contains a chart that breaks down, by individual attorney, the attorney's work on this case by general category, and the total number of hours worked in each category. *See* ECF No. 125 at 26. Exhibit B consists of a summary of work conduct by each attorney, along with their total number of hours. *Id.* at 27. Plaintiffs state that "[t]he current hourly rate for Lead Counsel range from $900 to $1000 for partners, $850 for 'Of Counsel,' and $600 to $675 for associates." ECF No. 124 at 28. Plaintiffs provide a chart with the specific hourly rates charged by each attorney in this case, as well as a chart of cases where judges in this district and others approved similar hourly rates for attorneys in the same field and with the same level of expertise. *Id.*; ECF No. 125 at 26.

Based on the total number of hours claimed, which Plaintiffs have adequately substantiated, the requested fee results in a negative multiplier of 0.23. "The fact that Plaintiff[s'] counsel are seeking substantially less in fees than they reasonably incurred further demonstrates the reasonableness of the fee award." *Taylor v. Shutterfly, Inc.*, No. 18-cv-00266-BLF, 2021 WL 5810294, at *9 (N.D. Cal. Dec. 7, 2021) (collecting cases in this district where courts approved attorney's fees with negative multipliers).

The Court will grant the request for attorney's fees because it is supported by both the percentage-of-recovery method and the lodestar cross-check.

**B.     Reimbursement**

An attorney is entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotation marks and citations omitted). To support an expenses by category and total amount advanced for each category, allowing the court to assess whether the expenses are reasonable. *Wren v. RGIS Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *29-30 (N.D. Cal. Apr. 1, 2011, *supplemented*, 2011 WL 1838562 (N.D. Cal. May 13, 2011).

Plaintiffs incurred $42,656.41 in costs. ECF Nos. 125; 130. The Court has reviewed

Plaintiffs' expenses and finds them reasonable. Therefore, the Court grants the request for reimbursement of costs.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiffs' motions for final approval of the class action settlement, attorney's fees, and reimbursement.

Class counsel shall file a post-distribution accounting within 21 days after the distribution of settlement funds. In addition to the information contained in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, the post-distribution accounting shall discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

The Court will withhold 10% of the attorney's fees granted in this order until the post-distribution accounting has been filed. Class counsel shall file a proposed order releasing the remainder of the fees when they file their post-distribution accounting. This matter is set for a further case management conference on February 7, 2023 at 2:00 p.m. with a case management statement due on January 31, 2023. The parties may request that the case management conference be continued if additional time is needed to complete the distribution. The conference will be vacated if the post-distribution accounting has been filed and the Court has released the remaining attorney's fees.

**IT IS SO ORDERED.**

Dated: August 29, 2022



JON S. TIGAR
United States District Judge